## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT AUSTIN JACKSON, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-CV-1045 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Robert Austin Jackson, Jr.'s letter dated June 17, 2022 (ECF No. 11), which the Court construes as a Motion for Appointment of Counsel in Jackson's action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In support, the Motion states that Jackson "is firing [his] current attorney . . . and will like for the court to appoint [him] an attorney."

It is well established that a movant in a § 2255 proceeding has no constitutional right under the Sixth Amendment to representation by counsel. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)). "The provisions of the Sixth Amendment regarding the right to counsel 'in all criminal prosecutions' is not applicable to movants under 28 U.S.C. § 2255." McCartney v. United States, 311 F.2d 475, 476 (7th Cir. 1963). See also Ford v. United States, 363 F.2d 437 (5th Cir. 1966). "The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action . . . does not mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence,

confrontation, self-incrimination and burden of proof." Advisory Committee Note, 1976 Adoption (emphasis in original.)

The appointment of counsel in a § 2255 proceeding is a matter solely within the discretion of the court. United States v. Degand, 614 F.2d 176 (8th Cir. 1980); Tweedy v. United States, 435 F.2d 702, 703-04 (8th Cir. 1970) (citing Fleming v. United States, 367 F.2d 555 (5th Cir. 1966)). Normally these collateral attacks do not warrant the appointment of counsel. Tweedy, 435 F.2d at 703-04.

The Court has reviewed the claims raised by Movant in his § 2255 Motion and Supplement thereto and has reviewed the underlying criminal case. The Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Movant indicate he is capable of presenting the facts and legal issues without the assistance of counsel. His motion for appointment of counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Robert Austin Jackson, Jr.'s letter to the Court, construed as a Motion for Appointment of Counsel, is **DENIED**.  (ECF No. 11)

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of June, 2022.