**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT AUSTIN JACKSON, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1045 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Robert Austin Jackson, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), that asserts two grounds of ineffective assistance of counsel. The United States filed a Response in Opposition to the § 2255 Motion (ECF No. 8). Movant did not file a Reply in support of his §2255 Motion, but filed a Supplemental Motion (ECF Nos. 7, 8, 15) raising a claim under <u>Rehaif v. United States</u>. The original and Supplemental Motions are fully briefed and ready for decision. For the following reasons, Movant's § 2255 Motion and Supplemental Motion will be dismissed without an evidentiary hearing.

**I. Factual and Procedural Background**

A. <u>Factual Background</u>

The parties agreed to the following facts in the written Guilty Plea Agreement in the underlying criminal case and agreed that the Government could prove the facts beyond a reasonable doubt if the case were to go to trial:

> In February of 2017, members of the St. Louis Metropolitan Police Department (SLMPD) and Task Force Officers with the Federal Bureau of Investigation (FBI) began to conduct controlled purchases of smaller amounts of heroin and fentanyl from co-defendant Ray'mond Jackson. On February 16, 2017, March 10, 2017, and March 30, 2017, members of the aforementioned Task Force conducted controlled purchases of a total of approximately 2.3 grams of heroin and

fentanyl mixtures from the defendant and surveilled him back to his residence at 3314 Texas, located in the City of St. Louis. Based on these purchases and surveillance, authorities obtained a state-level search warrant for the residence, which was executed on April 12, 2017.

During the execution of the search warrant at the co-defendant's residence on April 12, 2017, investigators located a blender and bottles containing a white powder residue, which tested positive for the presence of heroin and fentanyl. Investigators also located Dormin (an over-the-counter sleep aid used to cut heroin and fentanyl), a bag of empty gelatin capsules, and a capsule press. In the same room as the drug paraphernalia, investigators also located a Rock Island Armory .22 caliber rifle. This bedroom was determined to belong to the defendant, Ray'mond Jackson.

During the execution of the search warrant, members of the task force learned that co-defendant Robert Jackson also visited the residence on occasion. All of these items found during the execution of the search warrant are used in the preparation and packaging of heroin and fentanyl for sale.

On August 3, 2017, members of the investigative team conducted a controlled purchase of fentanyl from defendant Robert Jackson that resulted in the subsequent search of his apartment at 1900 Pine in the City of St. Louis. During the drug transaction, officers found Robert Jackson to be armed with .9mm black Taurus pistol, which was manufactured outside the state of Missouri. Robert Jackson is also a convicted felon. In the apartment, which Robert Jackson shared with his girlfriend, investigators located a large duffle bag containing two grinders with white residue, a black digital scale with residue, three bottles of Dormin, and three clear bags containing approximately 70 grams of fentanyl. After Robert Jackson was confined following his arrest for the August 3, 2017 incident, investigators heard him on his monitored jail calls talking to codefendant Ray'mond Jackson about how to continue cutting and selling the heroin and fentanyl. Approximately a week later, Robert Jackson made bond and was released from jail.

On August 30, 2017, investigators, having obtained an Indictment against Robert Jackson charging him with unlawfully possessing a firearm and distribution of fentanyl, attempted to conduct an arrest of him by setting up a controlled purchase of heroin and fentanyl. Robert Jackson arrived at the agreed-upon meet location in a vehicle being driven by co-defendant Ray'mond Jackson. When officers announced their presence and attempted to apprehend both parties, codefendant Ray'mond Jackson backed into another vehicle in an attempt to flee before finally surrendering to investigators. Defendant Robert Jackson attempted to flee, running onto southbound I-55. He was apprehended when he was struck by a passing vehicle. Inside the vehicle which co-defendant Ray'mond Jackson was driving, members of the investigative team located a bag containing approximately 38 grams of fentanyl and several cellular phones. A search of those phones pursuant to a subsequent search warrant revealed that Robert and Ray'mond Jackson were engaging in a series of drug transactions, using their phones' text messaging service to arrange the purchases. Furthermore, testimony offered at trial would demonstrate

that the amount and the packaging of the fentanyl on August 30, 2017, is consistent
with an intent to sell and distribute the drug.

Although the amount of the heroin/fentanyl mixtures for which both
defendants are accountable as a result of their own conduct is not subject to precise
calculation, the parties agree that the readily provable amount of fentanyl for which
Robert Jackson is accountable is more than 40 grams but less than 160 grams.

(Guilty Plea Agreement, 4:17-CR-394 RLW, ECF No. 62 at 5-7.)

B. Procedural Background

On February 16, 2018, Movant pled guilty to five counts of the six-count Superseding

Indictment. United States v. Jackson, 4:17-CR-394 RLW (E.D. Mo.) (ECF Nos. 62, 63). Count I

of the Superseding Indictment charged Possession with Intent to Distribute Fentanyl, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count II charged Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count III

charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); Count IV charged

Conspiracy to Distribute and Possession with Intent to Distribute Fentanyl, in violation of 21

U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B); and Count VI charged Possess

with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C.

§ 841(b)(1)(C). (Superseding Indictment, 4:17-CR-394 RLW, ECF No. 13.) Movant was not

named in Count V of the Superseding Indictment.

In the written guilty plea agreement, the parties agreed to jointly request a sentence of 10

years imprisonment, which is the statutorily mandated minimum sentence allowable for the crimes

charged in the Superseding Indictment. (Guilty Plea Agreement, 4:17-CR-394 RLW, ECF No. 62

at 2, ¶ 2.) In the guilty plea agreement, Movant acknowledged that he "fully understands and

hereby waives his rights, including but not limited to: . . . the right to file pretrial motions,

including motions to suppress or exclude evidence[.]" (Id. at 16, ¶ 9.) Movant also acknowledged

satisfaction with his counsel's representation:

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(Id. at 17, ¶ 9.) The Court accepted Movant's guilty pleas on February 16, 2018 following a lengthy plea colloquy.

At sentencing on May 16, 2018, the Court varied downward from the applicable sentencing guidelines range and sentenced Movant to 60 months on each of Counts I, 3, 4, and 6, all such terms to be served concurrently, and the mandatory minimum 60-month sentence on Count 2, for a total of 120 months (ten years), in accordance with the parties' joint recommendation. (Judgment, ECF No. 84 at 3.) Movant did not file a direct appeal.

Movant timely filed the instant Motion to Vacate, Set Aside or Correct his sentence under 18 U.S.C. § 2255 on April 29, 2019.

## II.  Grounds Raised

Movant raises two grounds for relief in his original § 2255 Motion, both asserting ineffective assistance of counsel by his retained attorney:

> 1. PETITIONER'S COUNSEL WAS INEFFECTIVE BOTH BEFORE AND DURING THE PLEA NEGOTIATION PROCESS FOR FAILING TO MOVE FOR SUPPRESSION OF ALL EVIDENCE FOUND IN THE SEARCH OF 1900 PINE STREET BECAUSE THE CONSENT TO SEARCH FORM WAS NOT SIGNED VOLUNTARILY, AND COUNSEL FAILED TO INTERVIEW MS. JARA JOHNSON, THE WOMAN WHO SIGNED THE CONSENT TO SEARCH FORM.
>
> 2. PETITIONER'S COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THAT IN A CASE OF JOINT OCCUPANCY OF A PREMISE, THERE MUST BE SOME CONNECTION BETWEEN THE DEFENDANT AND THE CONTRABAND, OTHER THAN MERE PRESENCE.

(ECF No. 1 at 1.)

In the Supplemental Motion (ECF Nos. 7, 8, 15), Movant raises a third ground that asserts his conviction for Felon in Possession of a Firearm in Count III is unconstitutional and must be vacated under the status element of Rehaif v. United States, 139 S. Ct. 2191 (2019).

## III. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  Id. at 689.  If a defendant can meet the first part of the Strickland test, he must still show that counsel's deficient performance prejudiced him.  "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different."  Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

Generally, to establish prejudice where a defendant has entered a guilty plea, as here, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Here, Movant

Jackson makes no assertion that but for his counsel's alleged errors, he would not have entered a guilty plea. Instead, he requests in his original § 2255 Motion that the Court vacate his sentence and resentence him at the low end of the correct sentencing range, 84 months.  (ECF No. 1 at 1, 4.)

In some circumstances, a defendant who pleads guilty may establish prejudice under the second Strickland factor by showing he would have received a lesser sentence absent his counsel's ineffective assistance. The Eighth Circuit has held that "[t]he "Strickland factors apply to claims arising from plea negotiations and the second prong is satisfied if accepting a plea offer would have resulted in a lesser sentence." Love v. United States, 949 F.3d 406, 409 (8th Cir.), cert. denied, 141 S. Ct. 576 (2020) (cited cases omitted). And under certain circumstances, a defendant may "show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance," by demonstrating among other things a "reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 566 U.S. 134, 147 (2012) (citing Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance")); see Whittaker v. United States, 2014 WL 7335168, at *3 (E.D. Mo. Dec. 19, 2014) (citing Missouri v. Frye; holding movant could show prejudice on ineffective assistance claim for failure to object to use of prior convictions for armed career criminal status, if the end result would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time); see also Griffith v. United States, 871 F.3d 1321, 1336-39 & n.14 (11th Cir. 2017) (holding a § 2255 movant may establish prejudice by showing the district court relied on an incorrect, higher guidelines range, and that nothing else in the record indicates he would have received the same sentence anyway; citing Molina–Martinez v. United States, 136 S. Ct. 1338, 1347 (2016)).

"'Surmounting <u>Strickland</u>'s high bar is never an easy task,' <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.' <u>United States v. Timmreck</u>, 441 U.S. 780, 784 (1979)." <u>Lee v. United States</u>, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." <u>Id.</u>

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003) (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)).

## IV.  Discussion

### A.  Ground One

In Ground One, Movant asserts that his counsel was ineffective for (1) failing to move to suppress all evidence found in the search of 1900 Pine Street because the consent to search form was not signed voluntarily, and (2) failing to interview Ms. Jara Johnson, the woman who signed the consent to search form.  The Court discusses these related claims together and finds they are waived and are contradicted by the record.

In the criminal case, Movant filed a Waiver to the Filing of Any Pretrial Motions on October 10, 2017 (4:17-CR-394 RLW, ECF No. 29).  United States Magistrate Judge Shirley Padmore Mensah, to whom the Court referred pretrial matters in the criminal case, issued an Order setting a pretrial motion status hearing on October 16, 2017. (Order, 4:17-CR-394 RLW, ECF No. 30).  At the hearing, Movant "appeared with counsel and acknowledged on the record his understanding of his right to file pretrial motions; his understanding that the time for filing pretrial motions has passed; and his agreement with the decision of counsel to not file any pretrial

motions." (Order Regarding Pretrial Motion Status Hearing and Trial Setting, 4:17-CR-394 RLW, ECF No. 34.)  The record of the pretrial motion status hearing supports this finding.  After Movant was placed under oath, the Magistrate Judge thoroughly inquired into Movant's understanding and voluntariness of his pretrial motion waiver:

> THE COURT:  . . . .
>
> And so my first question for you is, do you believe you have had enough time to talk to your lawyer about your case and to talk about the evidence in your case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And as you stand here, do you feel comfortable that you know what evidence there is against you in the case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And do you feel as if you have had enough time to talk to your lawyer about the different kinds of pretrial motions that could be filed before me?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. You understand that would include things like a motion to suppress any of the evidence you saw in the disclosures or any statements that might have been given if you believe that those statements or evidence were obtained by the Government in violation of your rights. Is that a concept that you were familiar with before I just explained it to you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And the motion to suppress is just one example of a pretrial motion. I don't expect you to know the technicalities of all of it, but do you feel comfortable that you have an understanding of the kinds of motions that could be presented to me before trial?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And based on your discussions with your attorney about the evidence and about motions that could be filed, are you comfortable with the decision to not file any pretrial motions?
>
> THE DEFENDANT: Yes, ma'am.

THE COURT: All right. You understand that my role in your case was to resolve any pretrial matters that you might have raised or that the Government might have raised, and I set deadlines for you to do those things, and those deadlines have passed? Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And so as your case -- after today, what we're doing is closing the door on the pretrial part of your case, and your case will proceed for any final disposition before Judge Ross, but anything that needed to be filed before the deadlines I set expired you will not be allowed to raise before Judge Ross. You do understand that, don't you?

THE DEFENDANT: Yes, ma'am.

THE COURT: And are you comfortable with all of that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. So the next steps in your case would be either disposing of the case at a trial or at a possible change of plea. You understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. The other thing I want to make sure of, Mr. Jackson, is that you're here making the decision to not file motions of your own free will, that it's voluntary. So this is your opportunity to let me know if you believe that you were threatened in any way or if anyone promised you anything just so that you wouldn't file pretrial motions in this case.

THE DEFENDANT: Yes, ma'am.

THE COURT: Did that happen?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Well, that's good. So, Mr. Jackson, I do -- I accept what you have told me. I find that you have come to the decision to not file any pretrial motions of your own free will, and you did that after being made aware of what the evidence is in the case and after having an opportunity to talk to your lawyer about pretrial motions. And so I will enter an order reflecting what we have talked about on the record.

(Pretrial Mot. Status Hrg. Tr., 4:17-CR-394 RLW, ECF No. 97 5:7-7:25.)

The Court set Movant's trial for December 11, 2017. (4:17-CR-394 RLW, ECF Nos. 41, 42). Movant filed a Waiver of Speedy Trial Rights, signed by Movant and his counsel, on

December 4, 2017 (id., ECF No. 47), and Movant later sought and was granted two trial continuances based on the stated need for additional time to engage in plea negotiations with the United States.  (Id., ECF Nos. 48, 50). The Court set a possible change of plea hearing for January 25, 2018 (id., ECF No. 53), but the case was reassigned from Judge Ross to this Court on February 1, 2018 and the change of plea hearing was reset to February 16, 2018.  (Id., ECF Nos. 58, 59).

Movant appeared in court with his attorney for the change of plea hearing on February 16, 2018.  (Id., Minute Entry, ECF No. 61.) Before the plea colloquy began, the Court had Movant placed under oath. During the plea colloquy, the Court read the charges and asked Movant if he understood them, and if he had enough to time discuss his case with his attorney. Movant responded, "Yes, sir" to both questions.  (Plea Tr., ECF No. 98 at 9:5-12.) The Court asked Movant if he was "satisfied with his [counsel's] representation of you in this case" and Movant responded, 'Yes, sir."  (Id. 9:13-15.) The Court then asked, 'Is there anything you felt he should have done but did not do in representing you?" and Movant responded, "Yes, sir."  (Id. 9:16-18.) The Court confirmed that Movant had answered in the affirmative and asked Movant to explain.

Movant attempted to argue the facts of the case regarding the gun found in his vehicle and the 40 grams or more of fentanyl found in his apartment on August 3, 2017, and the charges brought in Counts I and Count II, which are not disputed in Ground One. (Id. 9:19-25.) The Court stated, "My question to you was did [your counsel] do everything you asked him to do in this case? You seem to be challenging the facts of the case at this point, and that's not the question." Movant then answered, "Yes, sir."  (Id. 10:1-4.)

Movant's counsel offered to make a record on the point, informed the Court that he and Movant had previously discussed the issues concerning the quantity of fentanyl being charged in Count I and the location of the gun being charged in Count II, and explained the nature of the discussions he and Movant had. (Id. 10:6-11:3.) Counsel then stated:

I explained to Mr. Jackson that we could challenge the sufficiency of that claim but that there's only a claim that would occur after a trial. There was no pretrial motion that we could file that would challenge the sufficiency of that claim, as it was on its face a valid charge.

I explained to him that, you know, we could go to trial and that we could challenge the sufficiency of that claim under Count 1 and Count 2, but that means we would be going to trial and, if that was the reason why he wanted to try the case, that we could do that.

THE COURT: And his response to you was what?

MR. TAAFFE: He did not want to go to trial.

THE COURT: Do you understand that, Mr. Jackson?

THE DEFENDANT: Yes, sir.

THE COURT: I mean, because there are other charges here, too, that you would have to address at trial as well. It wouldn't be just the Count 1.

(Plea Tr. 11:4-20.)

In Ground One, Movant does not claim that he would have insisted on going to trial. As quoted above, Movant's counsel stated at the plea colloquy that Movant had said he "did not want to go to trial" and Movant did not disagree with this statement.  Instead, Movant appears to claim that he would have still entered a guilty plea but his sentencing range should have been lower— and he would have received a lower sentence—because the fentanyl recovered from 1900 Pine Street should have been suppressed, and the Government could not have proved he was in possession of the fentanyl found in the car on August 30, 2017.

The claims in Ground One concern matters that Movant could have raised in a pretrial motion to suppress evidence. These claims fail because the record shows Movant knowingly and voluntarily waived them. Movant appeared before the Magistrate Judge in open court and acknowledged on the record that he understood his right to file pretrial motions and agreed with the decision of his counsel not to file any pretrial motions. Movant expressly waived his right to file pretrial motions in the written Guilty Plea Agreement and in person at the change of plea

11

hearing. The facts underlying Movant's claims in Ground One were known to him at the time he

waived his right to file pretrial motions,[1] and Movant did not object to this evidence at the pretrial

motion status hearing before the Magistrate Judge or during the plea hearing. Further, in the § 2255

Motion, Movant does not allege that his counsel did not discuss with him whether to file motions

to suppress evidence, or that he asked his counsel to file pretrial motions but counsel failed to do

so. Movant also does not allege that he asked his counsel to interview Ms. Johnson but counsel

failed to do so. Nor does Movant attempt to challenge the validity of his waiver of pretrial motions.

As such, Movant does not raise a factual issue as to validity of the waiver.

The  claims also fail because they are contradicted by the record. "Solemn declarations in

open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir.

1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977). Movant's contemporaneous

statements under oath at the pretrial motion status hearing before the Magistrate Judge quoted

above, and his statement under oath at the plea hearing that counsel did all that Movant asked him

to do, preclude Movant's claim that his counsel was ineffective in failing to move to suppress the

evidence found at 1900 Pine Street and in failing to interview Jara Johnson. See, e.g., Boice v.

United States, No. 4:11-CV-701, 2014 WL 626211, at *3 (E.D. Mo. Feb. 17, 2014) (where Movant

filed a waiver of pretrial motions and confirmed at a hearing that, after discussing with her counsel

discovery received from the Government, she agreed it was in her best interest to waive pretrial

motions, court found counsel's performance in advising/allowing Movant to waive pretrial

motions was not constitutionally deficient); Adams v. United States, No. 4:11-CV-1831, 2012 WL

3765101, at *5-6 (E.D. Mo. Aug. 30, 2012) (where record established that movant made a knowing

and voluntary waiver of the right to file pretrial motions, and he had an opportunity to decline to

waive his pretrial rights, he could not establish counsel's performance was deficient); Johnson v.

---

[1] The Court notes that Movant shared the 1900 Pine Street apartment with Ms. Johnson.

United States, No. 4:10-CV-1531 CDP, 2011 WL 1559764, at *4 (E.D. Mo. Apr. 25, 2011) (where movant stated under oath at the plea colloquy that he was satisfied with his counsel's performance and she had done everything he had asked her in the course of representation, movant cannot contradict that sworn testimony in his § 2255 proceeding by claiming otherwise); Smith v. United States, No. 4:10-CV-1155 CDP, 2011 WL 1327421, at *6–8 (E.D. Mo. April 6, 2011) (rejecting a § 2255 movant's claims that plea counsel provided ineffective assistance by failing to move to suppress evidence and get exculpatory evidence from the Government, where the movant stated under oath at the plea hearing that counsel did all that the movant wanted him to do). The Court finds that Movant's contemporaneous, sworn testimony demonstrates he agreed with counsel's decision not to file a pretrial motion to suppress evidence or to interview Ms. Johnson, and he cannot contradict that sworn testimony now by claiming otherwise.

Finally, the claims in Ground One also fail because Movant does not show that he was likely to succeed on a motion to suppress the fentanyl found at 1900 Pine Street. Failure to file a pretrial motion does not of itself establish ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Where a § 2255 movant who enters a guilty plea claims his counsel was ineffective for failing to file a motion to suppress evidence, to be entitled to habeas relief the movant must prove that the motion to suppress was meritorious. See United States v. Luke, 686 F.3d 600, 605 (8th Cir. 2012) (citing Kimmelman, 477 U.S. at 375). Here, Movant does not offer facts or law sufficient to show a reasonable probability that a pretrial motion to suppress evidence would have succeeded. See White v. Helling, 194 F.3d 937, 942 (8th Cir. 1999).

For these reasons, the Court finds that Movant cannot establish either prong of the Strickland test: that his counsel's failure to file a motion to suppress was conduct that fell below the objective standard of reasonableness, or that Movant suffered prejudice as a result. Ground One will be denied.

B.  Ground Two

In Ground Two, Movant asserts that his counsel was ineffective for "failing to raise that in a case of joint occupancy of a premise, there must be some connection between the defendant and the contraband, other than mere presence." Ground Two concerns the 38 grams of fentanyl found in the car in which Movant and his co-defendant were riding when they were stopped by police on August 30, 2017. Movant asserts that he and his co-defendant were in the car together but he should not have been responsible for the fentanyl, because the car did not belong to him and "police claimed no other connection between those drugs and this petitioner other than mere presence." (ECF No. 1 at 4.)

Movant does not assert how counsel should have raised this issue; in other words, he does not allege in what manner his counsel's performance fell below an objective standard of reasonableness. Ground Two in essence challenges the Government's ability to prove that Movant and his co-defendant engaged in a conspiracy to distribute and possess, with the intent to distribute, a substance containing fentanyl as charged in Count IV, and knowingly and intentionally possessed with the intent to distribute a substance containing fentanyl as charged in Count VI, such that the fentanyl could be attributed to him as a participant in the conspiracy.

This claim fails because Movant admitted in the written guilty plea agreement and at the change of plea hearing that the Government had sufficient evidence to prove all of the charges against him, including Movant's personal responsibility for at least 40 grams of fentanyl. The only way Movant could have challenged his responsibility for the 38 grams of fentanyl found in the car was to go to trial and dispute the matter, and the record establishes that Movant did not want to go to trial. Movant's counsel made a record at the change of plea hearing on the issue of Movant's possession of fentanyl from the car search, stated that he explained to Movant there was no pretrial motion he could file to challenge the sufficiency of Count I, but this could be challenged at trial if

14

Movant wanted to do that, but Movant stated he did not want to go to trial. (Plea Tr., ECF No. 98 at 10:6-11:20.) Movant did not contradict or disagree with any aspect of his counsel's statement in this regard.

Under these circumstances, the Court finds that Movant's claim his counsel's performance fell below the objective standard of reasonableness is waived and refuted by the record, because the issue could have been raised only at trial, and Movant knowingly and voluntarily waived his right to trial and elected instead to plead guilty. Further, Movant fails to establish that he suffered prejudice as a result. Ground Two will be denied.

C.  <u>Rehaif Claim</u>

In his Supplemental Motion (ECF Nos. 7, 8, 15), Movant raises a third ground challenging his conviction for Felon in Possession of a Firearm in Count III under the status element of <u>Rehaif v. United States</u>.  Movant asserts that the "government did not prove that I knew my status element at the time of sentencing under <u>Rehaif</u> . . . the government must prove I knew the relevant category of persons barred from possession of a firearm." (ECF No. 7). Movant asserts he is "'actually innocent' because the court never explained the essential elements of 922(g) and 924(a) at the time of his guilty plea." (ECF No. 8 at 2.) Movant states that his "counsel did not explain the elements of the underlined [sic] offense nor did the court explain those elements." (<u>Id.</u>) (citation omitted). Movant contends his "guilty plea was not knowingly and intelligently made because he did not fully understand the essential elements of the offense to which he pled guilty to. Because the court accepted his plea without giving petitioner fair notice of the elements of the offense.  The Court's error was structural and therefore the court must vacate petitioner's guilty plea and conviction." (<u>Id.</u>)[2]

_____

[2]Of the three filings that comprise Movant's Supplemental Motion, only ECF No. 15 is signed under penalty of perjury pursuant to 28 U.S.C. § 1746, and ECF No. 8 is not signed at all. The only factual allegation in ECF No. 15—in contrast to legal argument—is that Movant "was not fully informed of all

15

In <u>Rehaif</u>, the Supreme Court held that the scienter requirement in 18 U.S.C. § 922(g) applies not only to a defendant's possession of firearms or ammunition but also to the defendant's prohibited status. <u>Rehaif</u>, 139 S. Ct. at 2200. "For example, in prosecutions under Section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." <u>Ramsey v. United States</u>, 4:19-CV-2643 SNLJ, 2020 WL 5230891, at *8 (E.D. Mo. Sept. 2, 2020). This requirement does not require proof that the defendant specifically knew he was legally prohibited from possessing a firearm. <u>Id.</u>

The Court finds that Movant's claim under <u>Rehaif</u> should be dismissed as waived and procedurally defaulted.  And, to the extent it asserts a claim of ineffective assistance of counsel, it fails on the merits.

### 1. Movant Waived His Right to Bring this Claim

In the Guilty Plea Agreement, Movant waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (ECF No. 62 at 14, ¶ 7.b.) It is well established a defendant may waive his Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." <u>See</u> <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000); <u>United States v. Andis</u>, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. <u>Andis</u>, 33 F.3d at 891 (citing

---

element[s]" of the § 922(g) offense in Count 3 to which he pled guilty.  (ECF No. 15 at 1, 2.) This is the only verified factual allegation in Movant's Supplemental Motion filings and, as a result, the only one the Court must accept as true for purposes of resolving the Supplemental Motion. <u>See</u> <u>Roberson v. Hayti Police Dept.</u>, 241 F.3d 992, 994-95 (8th Cir. 2001).

DeRoo, 223 F.3d at 923-24). The Eighth Circuit has cautioned, however, that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." Id.

Here, Movant entered into the Guilty Plea Agreement knowingly and voluntarily, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. Movant has not established that enforcement of the waiver would result in a "miscarriage of justice." In his Supplemental Motion under Rehaif, Movant states he is "actually innocent" of the alleged violation because the Court never explained the essential elements of § 922(g) at the time of his guilty plea, and therefore his guilty plea was not knowingly and intelligently made.  (ECF No. 8 at 2.) A review of the facts admitted by Movant in the Guilty Plea Agreement and the Presentence Investigation Report ("PSR"), and confirmed during the change of plea and sentencing hearings, contradict any claim of actual innocence.

Specifically, Movant agreed in the Guilty Plea Agreement as to Count III that he admitted to "knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea" (4:17-CR-394 RLW, ECF No. 62 at 3), including that he "had previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year." (Id.) During the change of plea hearing, Movant confirmed that he had read the Plea Agreement (4:17-CR-394 RLW, Plea Tr., ECF No. 98 at 14:8-12), and admitted he was guilty of each of the elements of the crimes to which he was pleading, including Count III (id. at 16:20-17:2). Defendant stated he did not disagree with the factual basis of the plea as set forth by the AUSA (id. at 21:12-19.)

In addition, the PSR set forth the following felony convictions to which Movant made no objection:

• August 17, 2011, conviction in the St. Louis City, Missouri Circuit Court for Unlawful Use of a Weapon—Carrying a Concealed Weapon, Docket No. 1122-CR04787-01; and

• July 7, 2013, conviction in the St. Louis County, Missouri Circuit Court, for Possession of a Controlled Substance (Heroin), Docket No. 14SL-CR00544-01.

(4:17-CR-394 RLW, ECF No. 79 at 12-13, 15.)

According to the PSR and court records, on the 2011 conviction, Movant originally received a suspended imposition of sentence but on January 10, 2014, his probation was revoked and he was sentenced to four years' imprisonment in the Missouri Department of Corrections ("MDOC"); while execution of the sentence was suspended and Movant was placed on five years' probation, on July 25, 2014, probation was revoked and Movant was sentenced to four years in the MDOC.  Parole was ultimately discharged on January 26, 2017.  (Id. at 12, ¶ 45.) With respect to the 2013 conviction, the PSR and court records indicate Movant was sentenced to three years' imprisonment in the MDOC to be served concurrent with the sentence in the 2011 St. Louis City conviction.  (Id. at 15, ¶ 51.)

At the sentencing hearing in the underlying criminal case, Movant's counsel argued his criminal history was overrepresented in the PSR and stated: "He only has in his history two prior felony convictions; an unlawful use of a weapon; a suspended – where he received initially a suspended imposition of sentence, and a possession of a controlled substance. Ultimately, he went to prison for four and three years on those two offenses[.]"  (4:17-CR-394 RLW, Sent. Tr., ECF No. 100 at 5:9-13.)  This statement by counsel referred to the 2011 St. Louis City Circuit Court and 2013 St. Louis County Circuit Court convictions set forth above.

Because of Movant's admissions, the issue of Rehaif – that of the Government's burden of providing that the defendant knows his status – is not relevant here.  See Clay v. United States, 4:19-CV-2015 AGF, 2019 WL 6842005, at *3-4 (E.D. Mo. Dec. 16, 2019) (citing Taylor v.

<u>Huggins</u>, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that <u>Rehaif</u> did not apply to petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); <u>Moore v. United States</u>, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike <u>Rehaif</u>, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); and <u>United States v. Shobe</u>, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that <u>Rehaif</u> had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm").  Based on the nature of his prior convictions and the amount of time he was sentenced to and incarcerated for, Movant cannot now allege that on August 3, 2017, when he committed the offense for which he was convicted in Count III, he did not know he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Further, Movant fails to allege any new and reliable evidence that indicates his innocence. As a result, Movant cannot show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995).

Accordingly, the Court finds Movant has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

*2. Movant's <u>Rehaif</u> Claim is Procedurally Defaulted*

A defendant may properly claim in a Section 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974); <u>id.</u> at 346-47 ("There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances'

that justify collateral relief under § 2255" (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)). Because <u>Rehaif</u> narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1267 (2016); <u>Ramsey</u>, 2020 WL 5230891 at *10.

As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003); <u>see</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); <u>Murray v. Carrier</u>, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted). Here, Movant did not raise a knowledge-of-prohibited-status objection in his direct proceedings and did not file an appeal. As a result, Movant's <u>Rehaif</u> claim is subject to procedural default.

To overcome procedural default, Movant must show both "cause" for the default and "actual prejudice" from the asserted <u>Rehaif</u> error, or that he is actually innocent. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Here, Movant has not alleged, much less established, the requisite showing of "cause." Even assuming for purposes of argument that Movant could successfully show cause for his procedural default, the record establishes he cannot show the alleged <u>Rehaif</u> error resulted in actual prejudice. Movant is unable to demonstrate a reasonable probability that but for the error he would not have entered the guilty plea.

Because Movant cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Movant to show it was "more likely than not that no reasonable juror would have convicted him." <u>Schlup</u>, 513 U.S at 327-28. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623. "[A] petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not

commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Brown v. United States, No. 4:19-CV-1891 HEA, 2020 WL 7181315 at * 3 (E.D. Mo. Dec. 7, 2020). In analyzing a claim of actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup, 513 U.S at 328.

Movant has not alleged actual (or factual) innocence. Movant only offers an argument of legal insufficiency by alleging that he is "actually innocent" because the Court did not explain to him the essential elements of 18 U.S.C. § 922(g) at the time of his guilty plea.  As discussed above, any claim of actual innocence by Movant would fail. Any notion that Movant was somehow unaware of his status as a convicted felon is implausible. As the Eighth Circuit has observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a guilty plea affected his substantial rights." United States v. Caudle, 986 F.3d 916, 922 (8th Cir. 2020) (citation omitted); see also United States v. Hollingshed, 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to Rehaif claim raised on direct appeal and concluding that because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); United States v. Everett, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was previously incarcerated for more than one year).

Thus, the Court finds Movant cannot establish either cause and prejudice to excuse his procedural default or actual innocence and his Rehaif claim is procedurally defaulted.

### 3.  Movant's <u>Rehaif</u> Claim Fails on the Merits

As stated above, a claim of ineffective assistance of counsel may constitute an exception to a movant's waiver of his Section 2255 rights. Here, Movant alleges a claim under Rehaif that his conviction on Count III under 18 U.S.C. § 922(g)(1) is unconstitutional. Movant does not specifically bring a claim for ineffective assistance of counsel. One of Movant's filings states in part that he "did not understand each essential element of the offense to which he pled guilty to. Counsel did not explain the elements of the underlined [sic] offense nor did the court explain those elements." (ECF No. 8 at 2.) This assertion is made in an unsigned document that does not state it is signed under penalty of perjury. As such, the Court does not accept it ECF No. 8 as a verified filing and concludes that Movant does not assert his <u>Rehaif</u> claim in the context of ineffective assistance of counsel.

Even assuming for purposes of argument that Movant asserts an ineffective assistance of counsel claim, it fails on the merits.  A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. <u>Id.</u> "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Tran v. Lockhart</u>, 849 F.2d 1064, 1068 (8th Cir. 1988).

To the extent Movant alleges ineffective assistance of counsel to circumvent the waiver in his Plea Agreement, his claim fails under the first prong of the <u>Strickland</u> test, as "counsel [is] not required to make meritless objections under then-existing precedent, anticipate changes in the law,

or raise every potentially meritorious claim." <u>United States v. Garza</u>, 340 F. App'x 243, 244-45 (5th Cir. 2009) (per curiam); <u>see</u> <u>Ragland v. United States</u>, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); <u>Brown v. United States</u>, 311 F.3d 875, 878 (8th Cir. 2002) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance."); <u>Thomas v. United States</u>, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel was not ineffective for failing to raise a meritless issue.) Here, the Supreme Court's <u>Rehaif</u> opinion was issued June 21, 2019, more than a year after Movant was sentenced in the underlying criminal case. Prior to that, the United States Court of Appeals for the Eighth Circuit, and every other circuit court to consider the issue, held that the knowledge requirement in Section 924(a)(2) applied only to a defendant's possession of a firearm or ammunition, not to his restricted status. <u>See</u> <u>Ramsey</u>, 2020 WL 5230891, at *11 (citing <u>United States v. Hutzell</u>, 217 F.3d 966, 967-68 (8th Cir. 2000), and cases from other circuits).

Because Movant cannot establish that defense counsel's performance was deficient by failing to move to dismiss Count III of the Superseding Indictment on that ground, this Court will dismiss his claim. <u>See</u> <u>Pryor v. Norris</u>, 103 F.3d 710, 713 (8th Cir. 1996) (failure to satisfy both prongs of the <u>Strickland</u> analysis is fatal to the claim).

## V. Conclusion

For the foregoing reasons, the Court concludes that Movant Robert Austin Jackson Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and Supplemental § 2255 Motion, should be denied in all respects without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Robert Austin Jackson, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) and Supplemental Motion (ECF Nos. 7, 8, 15) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Robert Austin Jackson, Jr.'s § 2255 Motion or Supplemental § 2255 Motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate judgment will accompany this Memorandum and Order.


*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 6th day of September, 2022.